# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN L. PERRY,

    Petitioner,                               CRIM. NO. 2:05-cr-245
                                                    JUDGE HOLSCHUH
v.                                            MAGISTRATE JUDGE ABEL

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner's underlying criminal convictions on conspiracy to interfere with interstate commerce by means of robbery and aiding and abetting the use or carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§1951, 924(c), are the result of his January 10, 2006, guilty plea. Doc. No. 13. On August 8, 2008, petitioner was sentenced to an aggregate term of 148 months imprisonment. Doc. No. 36.

On January 13, 2010, petitioner filed the instant *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. He asserts that he was improperly sentenced and denied the effective assistance of counsel. See Doc. No. 62. However, the

instant motion is plainly successive. On April 1, 2009, final judgment was entered dismissing petitioner's prior §2255 petition. Doc. No. 61.

28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2255 motion unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on

collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra*:

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244 authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2nd Cir. 1996)(*per curiam*).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel  
United States Magistrate Judge